NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAN ZHANG, | No. 23-220 |
| Petitioner, | Agency No. A206-662-830 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Jian Zhang, a Chinese national, seeks review of the Board of Immigration

Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of his

applications for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny his petition.

1. Substantial evidence supports the IJ's adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). An adverse credibility determination may be based on an inconsistency between an applicant's testimony and other evidence of record. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Zhang testified that he organized a 300-person protest against the Chinese government at the Jiuyan Bridge in Sichuan, China, where authorities arrested him. But the government submitted several newspaper articles indicating that this demonstration did not occur; for example, one article stated that "a march in Chengdu, Sichuan province, was prevented by police" and that "authorities preemptively sealed off several landmarks," including the Jiuyan Bridge, to ward off protestors. When confronted with these inconsistencies by the IJ, Zhang suggested that his protest occurred at a different date or time.

The IJ found Zhang's explanation unpersuasive, especially in light of Zhang's testimony that the date of the protest was planned to coincide with a prominent holiday. The IJ's interpretation of the testimony is reasonable and supported by substantial evidence. Zhang now attempts to reconcile the newspaper articles with his testimony by intimating that isolated pockets of protest activity had, in fact,

2

occurred despite police intervention. By not crediting his explanation, Zhang argues, the IJ engaged in "impermissible speculation and conjecture." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004). But the IJ did not speculate and instead supported the adverse credibility determination "with specific citations to record evidence." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), *overruled on other grounds*, *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). Zhang's alternative interpretation of his testimony before the IJ—which he also raised below to the BIA—may be plausible. But the agency was "not *compelled* to accept [his] explanation for the discrepancy." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (emphasis added).

2. Even if we assume that Zhang's testimony was credible, substantial evidence still supports the agency's denial of Zhang's applications for asylum and withholding of removal. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Asylum applicants must establish a likelihood of "persecution or a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). Zhang testified to suffering a single beating from Chinese officials during his post-demonstration imprisonment, but that level of physical abuse does not compel the conclusion that Zhang suffered past persecution. *See Gu v. Gonzalez*, 454 F.3d 1014, 1020 (9th Cir. 2006). Nor does the record compel the conclusion that Zhang's fear of future persecution upon his return to China is objectively reasonable, especially given that

Zhang remained in China under government surveillance for an extended period without suffering further harm, and that Zhang's family has resided in China without incident. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

Because Zhang has not met the less onerous "well-founded fear" burden for demonstrating asylum eligibility, he necessarily has failed to meet the more stringent "clear probability" standard required for withholding of removal. *Sharma*, 9 F.4th at 1066.

3. Finally, because Zhang failed to challenge the IJ's denial of his CAT claim before the BIA, we decline to entertain those unexhausted arguments. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**